UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONNIE ANN PRESTON,

               Plaintiff,               CIVIL ACTION NO. 12-11413

        v.                   DISTRICT JUDGE NANCY G. EDMUNDS

                                  MAGISTRATE JUDGE MARK A. RANDON

COMMISSIONER OF
SOCIAL SECURITY,

               Defendant.

_____/

**REPORT AND RECOMMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (DKT. NOS. 10, 14)**

      Plaintiff Connie Ann Preston challenges the Commissioner of Social Security's ("the Commissioner") final denial of her benefits application.  Cross motions for summary judgment are pending (Dkt. Nos. 10, 14).  Judge Nancy G. Edmunds referred the motions to this Magistrate Judge for a Report and Recommendation (Dkt. No. 3).

**I.     RECOMMENDATION**

      Because substantial evidence supports the Administrative Law Judge's ("ALJ") decision, this Magistrate Judge **RECOMMENDS** that Plaintiff's motion for summary judgment be **DENIED**, the Commissioner's motion for summary judgment be **GRANTED**, and the Commissioner's findings be **AFFIRMED**.

**II.    DISCUSSION**

     ***A.    Framework for Disability Determinations***

      Under the Social Security Act, (the "Act") Disability Insurance Benefits and Supplemental Security Income are available only for those who have a "disability."  *See Colvin*

*v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability," in relevant part, as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.

> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.

> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*See* 20 C.F.R. §§ 404.1520, 416.920; *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps . . . . If the analysis reaches the fifth step without a finding that the claimant is disabled, the burden transfers to the [Commissioner]." *Preslar v. Sec'y of HHS*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B.    Standard of Review

This Court has jurisdiction to review the Commissioner's final administrative decision

pursuant to 42 U.S.C. § 405(g).  Judicial review under this statute is limited such that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted); *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009) ("[I]f an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses") (internal quotation marks omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks omitted); *see also Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted) (explaining that if the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion"); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts" (internal quotation marks omitted)).

When reviewing the Commissioner's factual findings for substantial evidence, this Court is limited to an examination of the record and must consider that record as a whole.  *See Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007); *Wyatt v. Sec'y of HHS*, 974 F.2d 680, 683 (6th Cir. 1992). The Court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston*, 245 F.3d at 535.  There is no requirement, however, that either the ALJ or this Court discuss every piece of evidence in the administrative record.  *See*

*Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party") (internal quotation marks omitted). Further, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass*, 499 F.3d at 509; *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant").

## III. REPORT

### A. Administrative Proceedings

Plaintiff applied for supplemental security disability income and disability insurance benefits on April 9, 2009, alleging she became disabled on November 15, 2008 (Tr. 11). After the Commissioner initially denied Plaintiff's application, she appeared with counsel for a hearing before ALJ Andrew Sloss, who considered the case *de novo*. On November 15, 2010, ALJ Sloss found Plaintiff was not disabled (Tr. 11-20).

On July 25, 2011, Plaintiff reapplied for supplemental security disability income and disability insurance benefits, alleging she became disabled on February 15, 2011. After the Commissioner initially denied Plaintiff's second application, she appeared for a video hearing before ALJ Ronald Herman (Dkt. No. 10 at 6 (CM/ECF)). On May 16, 2012, ALJ Herman found Plaintiff was disabled because "there are no jobs that exist in significant numbers in the national economy that [Plaintiff] [could] perform" (Dkt. No. 10; Ex. A).

Meanwhile, on March 15, 2012, ALJ Sloss' findings became the Commissioner's final administrative decision when the Appeals Council declined further review of Plaintiff's first application (Tr. 1-3). Plaintiff appealed. While she is currently receiving disability benefits, Plaintiff seeks benefits from 2009-2011.

### B. ALJ Findings

Plaintiff graduated from high school and has past relevant work as a childcare monitor and chore provider (Tr. 19, 28).  The ALJ applied the five-step disability analysis to Plaintiff's claim and found at step one that she had not engaged in substantial gainful activity since her disability onset date in November of 2008 (Tr. 13).

At step two, the ALJ found that Plaintiff had the following "severe" impairments: degenerative disc disease[1] and bursitis of the hip (Tr. 13).  The ALJ found that Plaintiff's thinning cerebral artery, post-traumatic stress disorder ("PTSD"), and dysthymic disorder[2] were non-severe impairments (Tr. 13-14).

At step three, the ALJ found no evidence that Plaintiff's impairments met or medically equaled one of the listings in the regulations (Tr. 15).

Between steps three and four, the ALJ found that Plaintiff had the Residual Functional Capacity ("RFC") to perform "light work . . . except [Plaintiff] can never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; and can occasionally balance, stoop, kneel, crouch, or crawl" (Tr. 16).

At step four, the ALJ found that Plaintiff could not perform her past relevant work as a childcare monitor or chore provider (Tr. 19).

At step five, the ALJ found Plaintiff was not disabled, because there are a significant number of jobs available in the national economy that Plaintiff could perform (Tr. 19-20).

### C.    *Administrative Record*

---

[1]"Degenerative disc disease is a spinal condition caused by the breakdown of [the] intervertebral discs."  *See* http://www.mayfieldclinic.com/PE-DDD.htm (last visited June 27, 2013).

[2]Dysthymic disorder is a "chronic (unipolar) depression whose symptoms are less severe than those in Major Depressive Disorder."  *See* http://www.mentalhealth.com/dis/p20-md04.html (last visited June 27, 2013).

### 1.    Plaintiff's Hearing Testimony and Statements

Plaintiff testified that she has anxiety, depression, low self-esteem, trouble retaining information, difficulty climbing stairs, neck pain and headaches every day, back pain, PTSD, a narrowing cerebral artery, occasional black-out spells, trouble breathing when she smells cleaning products or bug spray, and bursitis in her hip (Tr. 28-29, 31, 33-35). Plaintiff takes pain medication and muscle relaxers. According to Plaintiff, the pain medication puts her to sleep (Tr. 29). Plaintiff also testified that she cannot turn her neck; it is painful to pick up objects and lift a gallon of milk; her headaches affect her ability to concentrate; and, lights and sound make her headaches worse (Tr. 29, 32-34).

Plaintiff testified that she can sporadically do housework (depending on how she feels) (Tr. 30-31).

### 2.    Vocational Expert

The ALJ asked a VE to assume a hypothetical individual of Plaintiff's age, education and past work experience. The individual could perform light work but could never climb ladders, ropes, or scaffolds; and could only occasionally climb ramps or stairs, balance, stoop, crouch, kneel, and crawl. The VE testified that such an individual could perform work as an assembler, inspector, or food preparer (Tr. 38).

The VE testified that the individual would be precluded from work if she: (1) could not engage in sustained work activity on a regular and continuing basis for eight hours a day, five days a week for a 40 hour work week due to her medical conditions and mental impairments; (2) had to be constantly refreshed on what needed to be done at work; or (3) was absent from work 3.5 hours out of an eight-hour work day (Tr. 38-40).

D.     *Plaintiff's Claims of Error*[3]

      1.     **Plaintiff's "Severe" Emotional Impairments**

Plaintiff's first argument is twofold: (1) the ALJ erred in finding that Plaintiff's emotional impairments (i.e., PTSD and dysthymic disorder) were non-severe; and (2) the ALJ erred by not including her "severe" emotional impairments in his RFC determination. Both arguments are unavailing.

Severity is evaluated using a *de minimus* standard. *Boger v. Comm'r of Soc. Sec.*, No. 11-15526, 2013 WL 1279162 at *4 (E.D. Mich. March 27, 2013) (citing *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988)). "The threshold is low and 'an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience.'" *Id.* (quoting *Maloney v. Apfel*, 211 F.3d 1269 (6th Cir. 2000)).

The ALJ's decision that Plaintiff's emotional impairments were non-severe is supported by substantial evidence. For example, Plaintiff had only treated with a mental health professional for six months since November 15, 2008, her mental status examination findings were consistently normal (except for depressed and anxious mood), her symptoms stabilized

---

[3]Plaintiff attempts to argue that the ALJ's decision was not supported by substantial evidence (Dkt. No. 10 at 11 (CM/ECF)), the ALJ did not support his finding that Plaintiff's statements were not entirely credible (*Id.* at 12-15), and the ALJ did not comply with the treating source rule (*Id.* at 18-19). But, Plaintiff's "arguments" are simply recitations of the law – she does not specify which aspect of the ALJ's findings was not supported by substantial evidence, does not identify which treating source's opinion she claims the ALJ failed to give controlling weight, and does not specify *how* the ALJ erred in his credibility determination. As such, Plaintiff's "arguments" are waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones").

within a couple of months, and she had well-organized thoughts (Tr. 13-15).[4]  Because

Plaintiff's emotional impairments were deemed non-severe, the ALJ was not required to include

them in his RFC determination; he was only required to *consider* them when evaluating

Plaintiff's RFC.  *See Pompa v. Comm'r of Soc. Sec.*, 73 Fed. Appx. 801, 803 (6th Cir. 2003):

> [u]nder the regulations, once the ALJ determines that a claimant has at least one
> severe impairment, the ALJ must consider all impairments, severe and non-
> severe, in the remaining steps.  20 C.F.R. 404.1545(e).  Because the ALJ found
> that [plaintiff] had a severe impairment at step two of the analysis, the question of
> whether the ALJ characterized any other alleged impairment as severe or not
> severe is of little consequence.  As the ALJ considered all of [plaintiff's]
> impairments in her [RFC] assessment finding, [plaintiff's] argument is without
> merit.

Here, the ALJ considered Plaintiff's emotional impairments and found they did not

impact her ability to work:  "the following [RFC] assessment reflects the degree of limitation the

undersigned has found in the "paragraph B" mental function analysis" (Tr. 15).  Although the

ALJ did not mention Plaintiff's emotional impairments when making his RFC determination –

between steps three and four – he did provide the necessary discussion step two (Tr. 13-15).

Therefore, remanding this case to the ALJ for further discussion would be futile.  *See Kobetic v.

Comm'r of Soc. Sec.*, 114 Fed. Appx. 171, 173 (6th Cir. 2004) ("[w]hen 'remand would be an

idle and useless formality,' courts are not required to 'convert judicial review of agency action

into a ping-pong game'").

### 2.   Hypothetical to the VE

---

[4]When ALJ Herman found Plaintiff's emotional impairments were "severe," he had a
consultative psychological examination from Mark Zaroff, Ph.D. in which Dr. Zaroff diagnosed
Plaintiff with major depressive disorder, recurrent, severe, without psychotic features and
anxiety disorder.  ALJ Herman gave "great weight" to Dr. Zaroff's report (Dkt. No. 10; Ex. A at
p. 11 (CM/ECF)).  As Plaintiff concedes, Dr. Zaroff's report "is not part of the current record"
(Dkt. No. 10 at p.9 (CM/ECF)).

Plaintiff next argues that the ALJ erred by not including her emotional impairments in the hypothetical question to the VE.

Where an ALJ poses a hypothetical question to a VE that fully and accurately incorporates Plaintiff's physical and mental limitations, the expert's testimony in response constitutes substantial evidence to support a finding that Plaintiff is capable of performing a significant number of jobs in the national or regional economy, and thus is not disabled.  *See Varley v. Sec'y of HHS*, 820 F.2d 777, 779 (6th Cir. 1987).  Conversely, where the hypothetical does not accurately depict Plaintiff's limitations, the VE's testimony cannot support such a finding.  "In forming a hypothetical question, to be posed to a vocational expert, the ALJ is required to incorporate only those limitations that he accepts as credible."  *Bivens v. Astrue*, 2012 WL 4739325 at *6 (N.D. Ohio Oct. 3, 2012) (citing *Grieffeth v. Comm'r of Soc. Sec.*, 217 Fed. Appx. 425, 429 (6th Cir. 2007)).

The ALJ determined that Plaintiff's allegations of disabling emotional impairments were not substantiated (Tr. 13-14).  As such, the ALJ did not need to include Plaintiff's emotional impairments in the hypothetical question.

### 3.    Dr. Wayne Hill's Opinion

Dr. Wayne Hill reviewed Plaintiff's records for the State agency and determined that Plaintiff did not have a severe mental impairment (Tr. 279-292).  Plaintiff's final argument is that the ALJ erred by giving "great" weight to Dr. Hill's opinion.[5]

---

[5]The Commissioner argues that a sentence six remand is not appropriate based on ALJ Herman's favorable decision and asks the Court not to consider that decision (Dkt. No. 14 at 24-26 (CM/ECF)).  The Court need not address this argument.  While Plaintiff attached ALJ Herman's decision to her motion, it was done so for "reference" (Dkt. No. 10 at 6 (CM/ECF)).  Plaintiff did not ask the Court for a sentence six remand, or to consider ALJ Herman's decision in its analysis.

The Sixth Circuit has instructed ALJs on how to assess opinions from nonexamining sources like Dr. Hill:

> [O]pinions from nontreating and nonexamining sources are never assessed for "controlling weight." The Commissioner instead weighs these opinions based on the examining relationship (or lack thereof), specialization, consistency, and supportability, but only if a treating-source opinion is not deemed controlling. 20 C.F.R. § 404.1527(c). Other factors "which tend to support or contradict the opinion" may be considered in assessing any type of medical opinion. *Id.* § 404.1527(c)(6).

*Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). Opinions from nonexamining sources can be afforded greater weight than treating and examining sources. *See* SSR 96-6p, 1996 WL 374180 at *3 (July 2, 1996) ("[i]n appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources").

The ALJ concluded that Dr. Hill's opinion was entitled to "great weight":

> State Agency psychological consultant, Wayne Hill, Ph.D., completed a Psychiatric Review Technique on July 17, 2009. Dr. Hill indicated that [Plaintiff] does not have a severe mental impairment. In addition, Dr. Hill concluded that [Plaintiff] had no more than mild limitation in the three functional domains and no episodes of decompensation. The undersigned gives great weight to Dr. Hill as his opinion is consistent with the evidence of record as a whole.

(Tr. 14). The ALJ discussed the required factors: (1) he knew there was no examining relationship when he stated that Dr. Wayne "completed a Psychiatric Review Technique"; (2) he specified that Dr. Hill was a psychologist and had a Ph.D.; and (3) he indicated that Dr. Hill's opinion was consistent with other evidence in the record.

The ALJ's finding should not be disturbed on appeal.

**IV.    CONCLUSION**

-10-

Because substantial evidence supports the ALJ's decision, this Magistrate Judge **RECOMMENDS** that Plaintiff's motion for summary judgment be **DENIED**, the Commissioner's motion for summary judgment be **GRANTED**, and the Commissioner's findings be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *See McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this Magistrate Judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. *See* E.D. Mich. LR 72.1(d)(3), (4).

s/Mark A. Randon
Mark A. Randon
United States Magistrate Judge

Dated: June 28, 2013

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, June 28, 2013, by electronic and/or ordinary mail.*

*s/Eddrey Butts*

*Case Manager for Magistrate Judge Mark A. Randon*